IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT BECKWORTH, #09087-021                                PETITIONER

V.                                                             CIVIL ACTION NO. 5:08cv213-DCB-MTP

BRUCE PEARSON, Warden                                          RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition [1] of Robert Beckworth for a writ of habeas corpus filed under 28 U.S.C. § 2241. Having considered the petition, the answer, the reply, all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the petition should be dismissed for lack of jurisdiction. The undersigned further recommends that Petitioner's Motion for Revised Presentence Investigative Report [11] be denied.

Background

On or about April 22, 1996, Petitioner Robert Beckworth was convicted after a guilty plea in the United States District Court for the District of South Carolina for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Petition [1] at 3. On June 29, 1999, Petitioner was sentenced to a 360-month term of imprisonment as a career offender, followed by a term of five years of supervised release.[1] Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit, and on March 22, 2000, the Fourth Circuit affirmed his conviction and sentence. *See United States v. Beckworth*, 210 F.3d 362, 2000 WL 296308 (4th Cir. 2000). The Fourth Circuit held that Beckworth failed to "establish[] that the

---

[1] Apparently, Petitioner disappeared for three years after his conviction, and thus was not sentenced until June 29, 1999. *See* Ex. B to Response [9-2].

1

district court abused its discretion in denying his motion to withdraw his guilty plea." *See Beckworth*, 2000 WL 296308, at *2.

On September 22, 2000, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the following grounds: (1) ineffective assistance of counsel and (2) a claim that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Pet. [1] at p. 13 of 38. Petitioner's motion was denied on January 8, 2001, and his subsequent motion to reconsider was denied on January 31, 2001. *Id.* Petitioner then filed a motion for modification and correction of sentence under 18 U.S.C. § 3582(C)(1)(B), which was construed as a 28 U.S.C. § 2255 motion, and dismissed as successive on May 1, 2001. *Id.* His certificate of appealability was denied by the district court on May 12, 2001, and the Fourth Circuit dismissed his appeal on September 27, 2001. *Id.*; Ex. B to Response [9-2].

On January 4, 2005, after one of Petitioner's state court convictions was vacated, Petitioner "began filing documents seeking to collaterally attack his federal sentence based on the fact that a state conviction used to enhance his federal sentence had since been vacated." Pet. [1] at p. 13 of 38. Petitioner filed a motion with the Fourth Circuit seeking to file a successive application for relief under 28 U.S.C. § 2255, which was denied on November 15, 2005. *Id.* On November 30, 2005, Petitioner filed a motion for relief under Rule 60(b)(4) and (5), which was construed as another successive application for relief under Section 2255 and was denied on December 13, 2005. *Id.* On September 28, 2006, he filed a motion for correction of his presentence investigation report, which was denied. *Id.*

On January 24, 2008, Petitioner filed a petition for habeas relief under 28 U.S.C. § 2241 in the United States District Court of South Carolina, claiming that (1) the three state convictions used to enhance his federal sentence have been vacated and a fourth erroneous conviction was recently corrected to reflect dropped charges; 2) a 28 U.S.C. § 2255 motion is inadequate or ineffective to test the legality of his sentence; and (3) he is actually innocent of the career-

offender enhancements made to his federal sentence. Pet. [1] at pp. 13-14 of 38; Ex. A to Response [9-2]. On April 22, 2008, Petitioner's petition was dismissed without prejudice. *See* Exs. A and C to Response [9-2]. On April 15, 2008, Petitioner filed a motion with the Fourth Circuit seeking to file a successive application for relief under 28 U.S.C. § 2255, which was denied on May 1, 2008. Pet. [1] at p. 14 of 38.

In the instant Section 2241 petition, Petitioner raises the following grounds: (1) three of Petitioner's state convictions used to enhance his federal sentence have been vacated; (2) a fourth erroneous conviction was recently corrected to reflect dropped charges; (3) he is actually innocent of the career-offender enhancements made to his federal sentence; and 4) a 28 U.S.C. § 2255 motion is inadequate or ineffective to test the legality of his sentence.[2] Pet. [1] at pp. 5-6 of 38.

Petitioner is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. His projected release date is April 22, 2025.[3]

Respondent argues that this court lacks jurisdiction to review this Section 2241 petition, as it is actually a Section 2255 motion, and that Petitioner cannot proceed pursuant to Section 2255's savings clause.

## Analysis

The general rule is that a challenge to the validity of a sentence must be pursued in a Section 2255 motion, not a Section 2241 petition. *See Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000) ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."); *Ojo v. INS*, 106 F.3d 680, 683 (5th

---

[2] These are the same grounds raised in the Section 2241 petition filed in the United States District Court for the District of South Carolina, which was dismissed.

[3] http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=robert&Middle=&LastName=beckworth&Race=U&Sex=U&Age=&x=0&y=0.

Cir. 1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)) ("28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred before or during sentencing."). Petitioner's sentencing court-- the United States District Court for the District of South Carolina-- would be the appropriate court in which to file such a motion, not this court. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

There is, however, a "back door" to Section 2255 known as the "savings clause" which allows a Section 2241 petition under certain limited circumstances.[4] This savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective** to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). Thus, "a section 2241 petition that seeks to challenge a federal sentence or conviction - thereby effectively acting as a section 2255 motion - may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack*, 218 F.3d at 452 (citations omitted).

However, a Section 2241 petition is not a substitute for a Section 2255 motion, and Petitioner bears the burden of establishing that the Section 2255 remedy is inadequate or ineffective. *Id.* This is a heavy burden, and courts find a remedy under Section 2255 to be inadequate or ineffective "only in extremely limited circumstances." *Id.* (citation omitted). Accordingly, a claim of procedural bar, or that a petitioner cannot meet AEDPA's "second or

---

[4] This court, as Petitioner's custodial court, has the jurisdiction to determine whether Petitioner's claims are properly brought under Section 2241 via the savings clause of Section 2255. *Padilla*, 416 F.3d at 426 (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)).

successive" requirements,[5] is not enough to meet this burden. *Id.* at 452-53 (citations omitted). As the *Pack* court noted,

> To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Id.* at 453.

As set forth above, Petitioner has filed at least three Section 2255 motions, or motions which the courts have construed as successive Section 2255 motions, all of which were denied. Further, Petitioner has filed at least two motions with the Fourth Circuit Court of Appeals seeking leave to file a successive application under Section 2255, which were also denied.[6] In his Petition [1] and his Traverse [10], Petitioner claims that the remedy under Section 2255 is

---

[5]The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, provides as follows:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[6]The Fourth Circuit would be the "appropriate court of appeals" under 28 U.S.C. § 2255, as it encompasses the district court where Petitioner was convicted and sentenced (District of South Carolina). *See*, *e.g.*, *White v. Nash*, 67 Fed. App'x 631 (2d Cir. Apr. 8, 2003).

inadequate or ineffective.  Specifically, Petitioner claims that a Section 2255 motion is inadequate and ineffective because when he filed his initial 2255 motion, his state court convictions had not yet been vacated or dismissed.  However, as set forth above, Petitioner has since filed subsequent 2255 motions and requests to file successive 2255 motions, and the motions were denied.  A claim of procedural bar, or that a petitioner cannot meet AEDPA's "second or successive" requirements, is not enough to meet the heavy burden of demonstrating that a Section 2255 motion is inadequate or ineffective.  *Pack*, 218 F.3d at 452-53 (citations omitted).

The Fifth Circuit has held that the savings clause applies only to a claim of actual innocence: "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first section 2255 motion." *Reyes-Requena*, 243 F.3d at 904*; see also Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

While Petitioner states that the savings clause applies to a claim of actual innocence, he does not claim that he is actually innocent of the underlying conviction.  Rather, he claims he is innocent of being a career criminal since the convictions on which his enhanced sentence were based have been vacated or dismissed.  However, this is not the type of argument that courts have recognized may warrant review under Section 2241.  *See Kinder*, 222 F.3d at 213 (noting that in each case where courts have found claims of actual innocence to fall under savings clause, petitioner "arguably was convicted for a nonexistent offense" and therefore "could claim he was actually innocent of the crime of which he was convicted").  Petitioner makes no claim

that he is actually innocent of his underlying conviction.[7] *See id.* at 214; *see also Robertson*, 234 Fed. Appx. at 238 (rejecting petitioner's argument that he is actually innocent of career offender enhancement under sentencing guidelines, rather than of underlying bank robbery conviction); *Burnett v. Jeter*, No. 4:05CV397-Y, 2006 WL 36946, at *2 (N.D. Tex. Jan. 5, 2006) (holding that petitioner could not satisfy *Reyes-Requena* test based on claim of actual innocence of sentencing factors because claim "does not implicate his conviction for a substantive criminal offense"); *Sheppard v. Jeter*, 4:05-CV-179-Y, 2005 WL 1314002, at *1-2 (N.D. Tex. June 1, 2005) (dismissing Section 2241 petition where petitioner challenged his sentence as unconstitutionally enhanced under *Booker*, *Blakely* and *Apprendi*, but did not challenge his conviction for the substantive criminal offense).[8]

Further, Petitioner has failed to establish that his claim of actual innocence is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense. *Reyes-Requena*, 243 F.3d at 904. Petitioner cites to *Custis v. United States*, 511 U.S. 485, 497 (1994), for the proposition that an inmate still "in custody" for

---

[7] Petitioner cites to *Triestman* in support of his actual innocence argument. *See Triestman v. United States*, 124 F.3d 361, 377-78 (2nd Cir. 1999) (holding that a Section 2255 remedy is ineffective or inadequate when the denial of a Section 2241 petition would raise "serious constitutional questions"). However, *Triestman* does not correctly state the controlling law in the Fifth Circuit. *See Reyes-Requena v. United States*, 243 F.3d at 893, 903 n.28 (5th Cir. 2001) (stating that the Second Circuit's savings clause test set forth in *Triestman* "has been criticized as too indefinite for practical enforcement. . . . its composition creates the appearance of a standardless test with no limiting principles. . . . We thus find the criticism of *Triestman* . . . to be well taken").

[8] *See also Blake v. Joslin*, No. 3:05cv2519-R, 2006 WL 537406, at *1-*2 (N.D. Tex. Feb. 23, 2006) (rejecting petitioner's claim that he was actually innocent of being an armed career criminal under the ACCA pursuant to *Shepard*); *Chester v. Joslin*, No. 3:05cv2327-D, 2006 WL 537653, at *1-*2 (N.D. Tex. Feb. 23, 2006) (holding that petitioner's claim that he was factually and actually innocent of the sentencing enhancements under the ACCA based on *Shepard* was not the type of "actual innocence" claim contemplated by the savings clause).

purposes of his state court convictions at the time of his federal sentencing may attack his state sentences in state court or through federal habeas review, and if successful, may then apply for reopening of any federal sentence enhanced by the state sentences. Here, Petitioner is not attempting to attack his state sentences; he has apparently already been successful in having his state court convictions vacated or dismissed.

Assuming Petitioner is now able to apply for reopening of his federal sentence enhanced by the state sentences, the proper method to do so would be by filing a Section 2255 motion in his sentencing court–the United States District Court for the District of South Carolina. *See United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (holding that relief pursuant to a Section 2255 motion to correct sentence is appropriate when state conviction that formed basis of career offender status is invalidated after federal sentencing); *Johnson v. United States*, 544 U.S. 295 (2005); *see also Escamilla v. Warden USP Beaumont*, 31 Fed. App'x 155, at * 1 (5th Cir. Dec. 12, 2001) (citing *Ojo v. INS,* 106 F.3d 680, 683 (5th Cir. 1997)); *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (stating that a Section 2255 motion must be filed in the court in which the habeas petitioner was convicted and sentenced). The United States District Court for the District of South Carolina reached this same conclusion when it denied Petitioner's Section 2241 petition. *See* Ex. A to Response at 5 ("Petitioner's 2241 petition could be transferred to the appropriate district court having habeas jurisdiction [the United States District Court for the Southern District of Mississippi], but the Court should decline to do so. Petitioner's claims should be presented in a motion to vacate pursuant to 28 U.S.C. § 2255, so that they can be considered by this Court, the sentencing court.").

Accordingly, because Petitioner's claims challenge only the validity of his sentence, and because he cannot meet the requirements of Section 2255's savings clause, this court is without

jurisdiction to consider this Section 2241 petition. *See*, *e.g.*, *Kinder*, 222 F.3d 209; *Padilla*, 416 F.3d 424; *Burnett*, 2006 WL 36946; *see also Nelson v. Reese*, 214 F. App'x 465, 466 (5th Cir. 2007) (dismissing petitioner's 2241 petition, which was actually a 2255 motion, for lack of jurisdiction, where petitioner claimed that his sentence must be reopened because two state convictions used to enhance his sentence under the Armed Career Criminal Act (ACCA) were vacated by the state court).

Moreover, the court recommends that Petitioner's Motion for Revised Presentence Investigative Report [11] be denied. In his Motion [11], Petitioner asks this court to order the probation department in Greeneville, South Carolina to revise his presentence investigation report. This court has no jurisdiction over the probation department in South Carolina. Further, Petitioner attaches to his motion a Bureau of Prisons ("BOP") Administrative Remedy request regarding a correction to his presentence investigation report for purposes of his classification status. To the extent Petitioner seeks relief on the issue of his classification status based on inaccurate BOP records, this issue is not before the court in the instant petition and the court should decline to address it.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Robert Beckworth's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice regarding the jurisdictional issue, and dismissed without prejudice regarding all other issues. *See Pack v. Yusuff*, 218 F.3d 448, 454-55 (5th Cir. 2000). The undersigned further recommends that Petitioner's Motion for Revised Presentence Investigative Report [11] be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 2nd day of February, 2010.

                                            s/Michael T. Parker
                                            United States Magistrate Judge